### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTONIO C. MOORE,**           ) | |
|                                 ) | |
|     **Petitioner,**  ) | |
|                                 ) | |
| v.                              ) | |
|                                 )     No. 05-3375-CM | |
|                                 )     No. 03-20003-04-CM | |
| **UNITED STATES OF AMERICA,**   ) | |
|                                 ) | |
|     **Respondent.**  ) | |
|                                 ) | |

### MEMORANDUM AND ORDER

On January 9, 2003, the government charged petitioner and nine co-defendants in a nine-count Indictment. Petitioner entered into a plea agreement with the United States and pleaded guilty to Count One, which charged him with conspiracy to distribute and possess with intent to distribute cocaine base (crack). The plea agreement contained a waiver of appeal and collateral attack.

On September 13, 2004, the court sentenced petitioner to 188 months imprisonment. On September 19, 2005, petitioner filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 402). Petitioner claims that (1) his counsel was ineffective during plea negotiations and the sentencing proceedings; (2) petitioner's plea was unknowing; and (3) petitioner's counsel was ineffective when he failed to file a notice of appeal. The government responded by filing Respondent's Motion for Enforcement of Plea Agreement (Doc. 409). For the following reasons, the court denies petitioner's motion in part. The court takes under advisement the portion of the motion alleging that counsel failed to file an appeal. The court grants the government's motion in part and denies it in part.

As a preliminary matter, the court notes that petitioner originally sought additional time to

file another document in support of his § 2255 motion. The court granted petitioner until August 14, 2006 to supplement his motion, but petitioner failed to file an additional document. Petitioner also sought documents from his former attorney, and the court ordered Brian Leininger to provide petitioner with any documents that he had not previously turned over or notify the court why he could not comply with petitioner's request for materials. In the absence of counsel's explanation why he could not provide the materials, the court presumes that petitioner has now received all of the materials that he sought.

## I.     Plea Agreement

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### *A.     Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement

provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by 18 U.S.C. § 3742(a).

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, two of petitioner's arguments fall outside of the scope of the plea agreement waiver: that counsel was ineffective in negotiating the plea agreement and that counsel failed to file an appeal when petitioner instructed him to do so. The court will address both of these arguments below. Petitioner's claims that he was improperly sentenced due to counsel's ineffectiveness, however, fall within the scope of the plea agreement waiver. Contrary to petitioner's position, the court did not depart upward from the applicable sentencing guideline range. Petitioner was subject to enhancements, but the court sentenced petitioner within the applicable sentencing guideline range. *See United States v. Golden*, 151 Fed. Appx. 716, 719 (10th Cir. 2005) (citing *United States v. Waugh*, 207 F.3d 1098, 1101 (8th Cir. 2000) (noting that enhancements and departures are "two very different concepts")).

### B. *Knowing and Voluntary*

Petitioner claims that he did not knowingly and voluntarily enter into the plea agreement. According to petitioner, his counsel did not correctly inform petitioner of the legal elements of the crime of conspiracy. Counsel also allegedly failed to inform petitioner that "crack" is not the only type of cocaine base. And petitioner maintains that he could not have knowingly waived rights under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), that he did not know he had at the time he entered into the agreement.

The court has reviewed the entire transcript of the change of plea hearing, and finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that petitioner voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that the petitioner knowingly and voluntarily entered into an agreement). Tellingly, the court and the parties repeatedly referred to the drugs in this case as "crack." When petitioner had an opportunity to object to the government's version of the evidence it would produce at trial (which included a representation that petitioner participated in the crack cocaine operation as a manager, selling crack), petitioner failed to object. Nothing in the record suggests that petitioner's plea or waiver was unknowing or involuntary. Moreover, "a defendant's decision to give up some of his rights in connection with making a plea – including the right to appeal from the judgment following that plea – remains voluntary or intelligent and knowing despite subsequent developments in the law." *United States v. Green*, 405 F.3d 1180, 1190 (10th Cir. 2005). Because petitioner is "bound by his 'solemn declarations in open court,'" *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea.

### C. *Miscarriage of Justice*

-4-

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the petitioner received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).

With respect to his complaints about his sentence, petitioner has not met his burden as to any of these factors. Although petitioner claims that the waiver was unlawful because the court sentenced him in violation of *Blakely*, the Tenth Circuit held in *United States v. Green*, 405 F.3d 1180, 1193 (10th Cir. 2005), that the "statutory maximum" in the case of appellate waivers refers to the upper limit of punishment that the legislature has specified for the violation. "Using the *Blakely/Booker* definition of 'statutory maximum' in interpreting *Hahn* would be improper because doing so would render it virtually impossible for a defendant to waive his or her Sixth Amendment . . . rights." *Id.*

Here, the statutory maximum for conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846, is life imprisonment. As previously noted, the court sentenced defendant to 188 months. Petitioner's sentence did not exceed the statutory maximum and the waiver was not otherwise unlawful.

**II.     Ineffective Assistance in Negotiation of Plea Agreement**

Petitioner's argument that his counsel was ineffective during the plea negotiation process falls outside the scope of the waiver. The court therefore considers this argument on its merits.

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984),

-5-

when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

The court resolves petitioner's claim by looking to the prejudice element. Petitioner first argues that he would not have entered into a plea agreement if counsel had told him that "crack" was not the only type of cocaine base. But the indictment specifically charged petitioner with conspiracy to distribute and possess with intent to distribute crack cocaine. Moreover, petitioner agreed in the plea agreement that he sold crack cocaine and supervised other individuals selling. And during the Rule 11 colloquy at petitioner's plea hearing, the court asked petitioner if he agreed with the factual basis of his plea. Although petitioner corrected one portion of the factual basis, he did not deny that he was selling crack cocaine or supervising others who sold crack cocaine.

Petitioner next argues that his counsel was ineffective because he did not fully explain the true elements of a conspiracy. According to petitioner, he would not have pleaded guilty if he had known that he could not be convicted merely because he knew the people involved in drug dealing

-6-

and was sometimes around where drugs were being sold. Again, petitioner fails to demonstrate prejudice. The facts that petitioner admitted in his plea agreement are sufficient to convict petitioner of the conspiracy charge. Petitioner affirmed that the government had evidence to prove the facts in the plea agreement during the Rule 11 colloquy. Petitioner is "bound by his solemn declarations in open court," which contradict the statements in his briefs. *See Lasiter*, 89 F.3d at 703.

### III.    Failure to File Notice of Appeal

Petitioner also argues that his counsel was ineffective because he failed to file an appeal when petitioner instructed him to do so. If a client specifically instructs his attorney to file an appeal and the attorney disregards those instructions, then the attorney has acted in an unreasonable and presumptively prejudicial manner. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003). The court should consider a petitioner's claim regardless of whether a plea agreement includes a waiver of appeal. *See United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005).

Petitioner is entitled to an evidentiary hearing on this issue. The court will appoint counsel for petitioner and set a hearing date in a subsequent order.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 402) is denied in part. Petitioner is entitled to a hearing, to be set by subsequent order, on whether his counsel was ineffective in failing to file an appeal. That portion of petitioner's motion is taken under advisement. All other claims are dismissed.

**IT IS FURTHER ORDERED** that Respondent's Motion for Enforcement of Plea Agreement (Doc. 409) is granted in part and denied in part.

Dated this 6th day of September 2006, at Kansas City, Kansas.

                                                    **s/ Carlos Murguia**
                                                    **CARLOS MURGUIA**
                                                    **United States District Judge**